IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GOOSEBERRY NATURAL RESOURCES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CONDESA, INC., MASS MEDIA DISTRIBUTION, LLC, MEK ENTERPRISES d/b/a ERELEASES.COM, PROVEN WAYS, INC., PR WORLDWIDE, INC., and RV MEDIA, LLC d/b/a PR 18 NETWORK. <br><br> Defendants. | Civil Action No. 2:10-CV-210 TJW <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT MASS MEDIA DISTRIBUTION, LLC's ANSWER, COUNTERCLAIM AND JURY DEMAND

Defendant Mass Media Distribution, LLC ("Mass Media") files this Original Answer, Counterclaim, and Jury Demand to Plaintiff's Original Complaint ("Complaint").

### NATURE OF THE ACTION

1.  DENY. Defendant denies infringement of United States Patent No. 6,370,535 (hereinafter referred to as "the '535 Patent"). Defendant is without

1

sufficient knowledge or information to form a belief as to the truth of any license, exclusive or otherwise, of the '535 Patent and therefore denies the same.

## PARTIES

2. DENY. Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 2 and, therefore, denies the allegations of this paragraph.

3. DENY. Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 3 and, therefore, denies the allegations of this paragraph.

4. ADMIT.

5. DENY. Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 5 and, therefore, denies the allegations of this paragraph.

6. DENY. Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 6 and, therefore, denies the allegations of this paragraph.

7. DENY. Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 7 and, therefore, denies the allegations of this paragraph.

8. DENY. Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 8 and, therefore, denies the allegations of this paragraph.

## JURISDICTION AND VENUE

9. ADMITTED IN PART, DENIED IN PART.  It is admitted that this action arises under 35 U.S.C. §, *et seq*.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies the remaining allegations of this paragraph.

10. ADMIT.

11. ADMITTED IN PART, DENIED IN PART. It is admitted that Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas. It is admitted that Defendant solicits customers in the State of Texas and in the Eastern District of Texas. It is specifically denied that Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.  Defendant therefore denies the remaining allegations of this paragraph.

12. ADMIT.

## **COUNT 1 – PATENT INFRINGEMENT**

13. ADMITTED IN PART, DENIED IN PART. It is admitted only that the '535 Patent was issued on April 9, 2002. It is denied that the issuance thereof was in compliance with the statutes relative thereto. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, denies the remaining allegations of this paragraph.

14. DENY. Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 14 and, therefore, denies the allegations of this paragraph.

15. DENY. Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 15 and, therefore, denies the allegations of this paragraph.

16. DENY. Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 16 and, therefore, denies the allegations of this paragraph.

17. DENY.

18. DENY. Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 18 and, therefore, denies the allegations of this paragraph.

19. DENY. Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 19 and, therefore, denies the allegations of this paragraph.

20. ADMITTED IN PART, DENIED IN PART. It is admitted only that Defendant has no license to the '535 Patent from Plaintiff. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies the remaining allegations of this paragraph.

21. DENY.

22. DENY.

## PLAINTIFF'S PRAYER FOR RELIEF

Mass Media denies that plaintiff is entitled to any of the relief requested in paragraphs A-F of plaintiff's prayer for relief in its Complaint.

## JURY DEMAND

23. Defendant demands a jury trial in this action.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by laches, waiver, acquiescence, or estoppels.

3. Defendant denies that Plaintiff is entitled to relief of any kind, including any form of monetary relief.

4. Defendant denies that Plaintiff is entitled to relief of any kind, including any form of injunctive relief.

5. Defendant has not infringed any valid claim of the '535 Patent.

6. The claims of the '535 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

7. By reason of proceedings in the United States Patent and Trademark Office, and by reasons of the statements, admissions, and/or amendments made by the applicants or on the applicants' behalf, plaintiff is stopped from construing any claim of the '535 Patent to cover any of Defendant's products and services that are alleged to infringe the '535 Patent.

8. Plaintiff is prohibited from recovering damages for activities alleged to have occurred before plaintiff complies with 35 U.S.C. § 287.

9. Plaintiff is prohibited from recovering damages for activities alleged to have occurred before plaintiff provides actual notice of activities alleged to infringe the '535 Patent.

10. Defendant denies infringing, contributing to the infringement of, or inducing the infringement of any valid claim of the '535 Patent, and Defendant asserts that the '535 Patent is invalid and unenforceable.

11. This Court lacks subject matter jurisdiction and Plaintiff lacks standing to have this controversy considered by this Court regarding the '535 Patent and defects in ownership thereof.

12. Any further defenses that may be established via discovery.

WHEREFORE, Defendant Mass Media, respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, as set forth below:

a. A dismissal of Plaintiff's Complaint in its entirety, with prejudice;

b. A denial of all relief sought by Plaintiff;

c. Judgment in favor of Defendant and against Plaintiff;

d. Adjudge, declare, and decree that the claims of the '535 Patent are invalid;

e. Permanently enjoin plaintiff, the assignee of the '535 Patent, their successors, and their assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '535 Patent against Mass Media or any parents, affiliates, subsidiaries, or customers of Mass Media, or their respective officers, agents, employees, successors, and assigns;

f. A finding that this case is an exceptional case under 35 U.S.C. § 285

g. An award to Defendant of their costs and attorneys' fees incurred herein; and,

h. Such other relief as this Court may deem just and proper.

## COUNTERCLAIM

Defendant Mass Media, through its attorney, counterclaims against plaintiff for declaratory judgment and alleges as follows:

1.  Mass Media incorporates by reference all of the allegations of the preceding Answer from paragraphs 1 to 23.

2.  This counterclaim arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States set forth in Title 35 of the United States Code and in the Title 37 of the Code of Federal Regulations.

3. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a). Venue is based on 28 U.S.C. §§ 1391(b) and (c) and 1400(b). This Court has personal jurisdiction over plaintiff.

4. Plaintiff claims to be the exclusive licensee of the '535 Patent; claims to possess the right to sue for infringement and to recover past damages; claims that the licensor owns the '535 Patent; and filed the Complaint against Mass Media and other defendants for infringement of the '535 Patent. Accordingly, an actual justiciable case or controversy exists between plaintiff and Mass Media and among the plaintiff and all defendants.

5. Mass Media has not infringed any valid claim of the '535 Patent.

6. The claims of the '535 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

7. This action qualifies as an exceptional case, supporting an award of reasonable attorney fees, costs, and expenses for Mass Media against plaintiff pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Mass Media, respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, as set forth below:

    a.    All claims of U.S. Patent No. 6,370,535 be found invalid and/or unenforceable and of no force or effect;

    b.    Permanently enjoin plaintiff, the assignee of the '535 Patent, their successors, and their assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '535 Patent against Mass Media or any parents, affiliates, subsidiaries, or customers of Mass Media, or their respective officers, agents, employees, successors, and assigns;

    c.    Declare that this matter is an exceptional case, and pursuant to 35 U.S.C. § 285 award Mass Media its costs, expenses, and attorney fees incurred in connection with this action;

    d.    A finding that this case is an exceptional case under 35 U.S.C. § 285

    e.    An award to Defendant of their costs and attorneys' fees incurred herein; and,

    f.    Award and grant Mass Media such other and further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Mass Media demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: September 28, 2010        Respectfully submitted,

                      /s/ Frederic M. Douglas_____

        Frederic M. Douglas
        California Bar. No. 212778
        **LAW OFFICES OF F. M. DOUGLAS, ESQ.**
        15333 Culver Drive, Suite 340 PMB 114
        Irvine, CA  92604
        Telephone: (949) 293-0442
        Facsimile: (949) 203-8768
        E-mail:  fdouglas@cox.net

**ATTORNEY FOR DEFENDANT**
**MASS MEDIA DISTRIBUTION, LLC**

**Certificate of Service**

I hereby certify that on September 28, 2010, I filed the foregoing document electronically in compliance with Local Rule CV-5(a), constituting electronic service upon counsel of record that have consented to electronic service, pursuant to Local Rule CV-5(a)(3)(A).  All other counsel of record were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 28th day of September 2010.

/s/ Frederic M. Douglas